UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALLEN T. DABNEY**                                              **CIVIL ACTION**

**VERSUS**                                                                **NO. 07-9227**

**N. BURL CAIN, WARDEN**                                **SECTION "C"(2)**
**LOUISIANA STATE PRISON**

## REPORT AND RECOMMENDATION

This matter has been referred to a United States Magistrate Judge pursuant to Local Rule 73.2E, 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. For the following reasons, I recommend that the respondent's Motion to Dismiss, Record Doc. No. 12, be **GRANTED IN PART** in that the petition should be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals as a second or successive petition and **DENIED IN PART** insofar as it seeks dismissal.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Allen T. Dabney, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[1] Dabney is serving a life sentence after being convicted by a jury in Orleans Parish for the second degree murder of Kristen Bordelon.[2]

---

[1] Rec. Doc. No. 3.

[2] Id., p. 1; Rec. Doc. No. 12, p. 1.

Dabney has filed the instant petition seeking review of that conviction based on the following grounds: (1) the testimony of Brenda Handy was conflicting and unreliable based on newly discovered evidence, i.e. her 1998 affidavit recanting her testimony; and (2) prosecutorial misconduct and withholding of information related to Handy.

The State has responded to the petition by filing a motion seeking dismissal of the petition for lack of jurisdiction because this is Dabney's second federal petition challenging the same conviction. The State argues that the petition must be dismissed as a prohibited second or successive petition pursuant to 28 U.S.C. § 2244(b). Alternatively, the State moves for this court to transfer the petition to the United States Fifth Circuit Court of Appeals for certification of the second or successive petition.

Dabney has filed an opposition to the motion asking this court to review the merits of his claims since the prior petition was dismissed as untimely and without benefit of judicial review of his claims.[3] He contends that his delayed pursuit of federal relief was a result of Hurricane Katrina, which caused his prior counsel to lose relevant documents.

The record reflects that, on May 3, 2006, Dabney filed his first federal habeas corpus petition under 28 U.S.C. § 2254 in Dabney v. Cain, Civ. Action No. 06-1575"C"(2). Dabney raised 10 grounds for relief: (1) The system of selecting jurors was unconstitutional. (2) The grand jury was unconstitutionally empaneled. (3) The defense's

---

[3]Rec. Doc. No. 17.

failure to file a motion to quash cannot serve as a procedural bar. (4) The indictment was fatally defective. (5) The trial court denied the defense's <u>Batson</u> objections. (6) The trial court denied motions for a mistrial after the admission of hearsay evidence. (7) The trial court denied motions for a mistrial after prosecutorial comments on "other crimes" evidence. (8) The trial court denied admission of hearsay evidence, specifically an alleged declaration by Todd Bourgeois. (9) The trial court denied a motion for a new trial. (10) The petitioner received ineffective assistance of counsel.

On January 9, 2007, this court issued an order and judgment dismissing with prejudice Dabney's petition as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).[4] Dabney appealed to the United States Fifth Circuit Court of Appeals.[5]

During the pendency of this appeal, on January 9, 2008, Dabney filed the habeas petition presently under consideration before the court.  Thereafter, on April 15, 2008, the United States Fifth Circuit denied issuance of a certificate of appealability ("COA") in Appellate Case No. 07-31005.[6]

---

[4] Civ. Action No. 06-1575, Rec. Doc. Nos. 16, 17.

[5] <u>Id.</u>, Rec. Doc. No. 18, 19.

[6] <u>Id.</u>, Rec. Doc. No. 24 (5th Cir. Order, No. 07-31005).

II.     NATURE OF THE CURRENT PETITION

Dabney captioned his petition in this case as a "Motion to Vacate Conviction and Sentence By a State Court in Lieu of an Application Pursuant to 28 U.S.C. § 2254."[7] Dabney alleged that, through this motion, he seeks "oversight" of the state court proceedings leading up to his conviction.[8] He indicates that he filed the motion because his Section 2254 petition was dismissed with prejudice without consideration of his claims. He states that, in lieu of filing another habeas petition, he filed the "isolated motion" to allow the court to review his claims.[9] Alternatively, he requested that the motion be construed as one seeking leave to file "a successive but new application for writ of habeas corpus" based on alleged newly discovered evidence.[10]

When a state prisoner, like Dabney, challenges the constitutionality of his conviction and confinement, and the relief sought is a determination that he is entitled to immediate or faster release from imprisonment, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). This court has no authority to review Dabney's conviction by "motion" or any other proceeding outside of Section 2254 and its related statutory provisions. Based on the nature of his request,

---

[7]Rec. Doc. No. 3.

[8]Id., p. 7, ¶4.

[9]Id.

[10]Id.

4

Dabney's "motion" was properly filed and docketed as a petition for habeas corpus relief under Section 2254. I will consider it as such, with an alternative request for leave to file it as a successive petition. The question of whether Dabney's current petition is a prohibited second or successive petition is before the court through the respondent's motion.

III.   STANDARD OF REVIEW FOR MOTION TO DISMISS

The Rules Governing Section 2254 Cases allow for the response to a habeas petition to be brought by motion. Rules Governing § 2254 Cases, Rule 4, Advisory Committee Notes (2004 Amendment) ("The amended rule reflects that the response to a habeas petition may be a motion.") In addition, the Federal Rules of Civil Procedure may be applied to habeas proceedings "to the extent they are not inconsistent with any statutory provisions or [the Rules Governing § 2254 Cases]." Rules Governing § 2254 Cases, Rule 11; accord Mayle v. Felix, 545 U.S. 644, 654 (2005).

Relevant to this case, Fed. R. Civ. P. 12(b)(1) allows dismissal of a complaint for lack of subject matter jurisdiction. Therefore, in habeas application, a motion to dismiss for lack of jurisdiction is the functional equivalent of a Rule 12(b)(1) motion in general civil practice. See Purdy v. Bennett, 214 F. Supp.2d 348, 353 (S.D.N.Y. 2002) (applying Rule 12(b) standards to motion to dismiss authorized by court pursuant to Rule 4 of the Rules Governing § 2254 Cases); but see, Miramontes v. Driver, 243 Fed. Appx. 855, 856

(5th Cir. Jul. 23, 2007) ("A motion to dismiss for failure to state a claim is inappropriate practice in habeas" addressing substance of claims raised in petition).

The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992). In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the petitioner's favor. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S. Ct. 1955, 1974 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id., 127 S. Ct. at 1965 (parenthetical in original) (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. Id. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id., 127 S. Ct. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

6

In resolving the motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F. 3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a motion to dismiss, such motions are viewed with disfavor and are rarely granted. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997).

Further, the United States Fifth Circuit Court of Appeals has held that, when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. Howard v. King, 707 F.2d 215 (5th Cir. 1983); see also, Haines v. Kerner, 404 U.S. 519 (1972). In Taylor v. Gibson, 529 F.2d 709 (5th Cir.1976), the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set

7

of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

Id., 529 F.2d at 713-14; see also, Estelle v. Gamble, 429 U.S. 97, 106 (1976).

IV.     SECOND OR SUCCESSIVE FEDERAL PETITION

28 U.S.C. §§ 2244(b)(1) and (2) provide for the dismissal of any new or previously raised claim presented in a second or successive Section 2254 habeas corpus petition. Like other circuits, the United States Fifth Circuit Court of Appeals has recognized that the AEDPA did not define the phrase "second or successive" found in Section 2244. For guidance, the United States Fifth Circuit has turned to pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing § 2254 Cases:

> Section 2244(b) does not define "second or successive" petition. The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.

In re Gasery, 116 F.3d 1051 (5th Cir. 1997) (emphasis added) (citation omitted).

The Fifth Circuit has consistently held that an adjudication on the merits is necessary before a subsequent petition is considered "second or successive." See Barrientes v. Johnson, 221 F.3d 741 (5th Cir. 2000)(when prior petition is dismissed

without prejudice, subsequent filing is not successive) (citing Slack v. McDaniel, 529 U.S. 473 (2000)(subsequent filing not successive when prior filing was dismissed without prejudice)), cert. dism., 531 U.S. 1134 (2001); Graham v. Johnson, 168 F.3d 762 (5th Cir. 1999), cert. denied, 529 U.S. 1097 (2000).  However, the Fifth Circuit has made it clear that under AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

Therefore, a later-filed petition is prohibited when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Id.  Thus, the provision has been described as a "modified res judicata rule" that bars claims ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition.  United States v. Orozco-Ramirez, 211 F.3d 862, 868-871 (5th Cir.2000).  Such claims are deemed second or successive. Id.  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham, 168 F.3d at 774 n.7 (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)).  The Fifth Circuit has suggested that the inquiry is whether the petitioner received an adjudication on the merits of his claims in the prior petition.

As outlined above, Dabney's prior habeas petition was dismissed with prejudice as time-barred. The question is whether this was an "adjudication on the merits" as intended by Section 2244 so as to bar review of the instant petition.

"[D]ismissal of a prior petition on grounds that presented a 'permanent and incurable' bar to federal review of the claims was an 'adjudication on the merits,' which rendered subsequent petitions 'second or successive' and subject to the provisions of § 2244(b)." (citations omitted) Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). For this reason, federal courts consider dismissal based upon the statute of limitations an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. Id., 394 F.3d at 81; Villanueva v. United States, 346 F.3d 55, 61 (2nd Cir.2003); Guyton v. United States, 23 Fed. Appx. 539, 540 (7th Cir.2001) (determination that habeas petition was not filed within the applicable statute of limitations operates to dispose of the case on the merits); Poydras v. Louisiana, 2007 WL 3256610 (W.D. La. 2007); Lee v. Cain, 2007 WL 2446123 (W.D. La. 2007); Gray v. Dretke, 2005 WL 1768750 (S.D. Tex. 2005); Cate v. Ayers, 2001 WL 1729214, *3-4 (E.D. Cal. 2001) ("[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" for purposes of § 2244(b)); United States v. Casas, 2001 WL 1002511, at *2 (N.D. Ill. 2001) (dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized

10

by the court of appeals); Reyes v. Vaughn, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); United States v. Harris, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'... whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."); see also, Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing United States v. Oppenheimer, 242 U.S. 85, 87-88 (1916); Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.) ("A ruling based on the statute of limitations is a decision on the merits for res judicata purposes."), cert. denied, 409 U.S. 871 (1972); In re Marino, 181 F.3d 1142, 1144 (9th Cir.1999) (same). The same is true in Dabney's case. The dismissal of his prior petition was effectively an adjudication of the merits for purposes of successiveness under Section 2244.

However, Dabney's petition raises the question of whether the matter can be considered "fully adjudicated," Graham, 168 F.3d at 774 n.7, since dismissal of his prior petition was not final because the order was pending on appeal at the time Dabney's second petition was filed in this court. The Fifth Circuit has not resolved this question,

11

and there appears to be a difference of opinion among the few federal courts that have addressed the issue post-AEDPA.

The United States Second Circuit Court of Appeals has held that the prior adjudication on the merits must be final for the gatekeeping provisions of Section 2244 to be triggered. Whab v. United States, 408 F.3d 116, 118 (2nd Cir. 2005).[11] In Whab, the Second Circuit determined that a subsequent petition does not fall under the AEDPA's gatekeeping provisions for second or successive petitions if the district court's dismissal of the first petition is pending on appeal when the subsequent petition is filed. Under those circumstances, the court resolved that the first petition was not "fully adjudicated" because the ruling was not final. Id. at 118. It would not be final until after the time for seeking review in the United States Supreme Court expired. Id. at 120. As such, the second petition was not a prohibited "second or successive" petition which required certification before the district court could consider it. Id. at 118-19.

Much like Dabney's case, in Whab, the first petition was on appeal when the appellate court had to determine whether a subsequent petition could be filed. Also, the COA on the appeal, like Dabney's, was denied after the second petition was submitted for filing.

> [T]he district court never had the two petitions before it simultaneously. Before the subsequent petition was filed, the initial petition had already

---

[11]Although Whab involved a § 2255 motion to vacate, it is undoubtedly clear that the laws applicable to § 2255 petitions translate to consideration of § 2254 petitions.

12

>moved to appellate proceedings. This court has since denied a COA, so that the earlier petition will not be before the district court when this petition enters its docket. . . . In our view, the proper function of the court of appeals in these circumstances is simply to rule that the application made to us to authorize the filing of a "second or successive" petition is unnecessary because at the time of the filing the earlier petition had not been fully adjudicated.

Id. at 119.

The Second Circuit also held that the denial of the COA did not alter the fact that, at the time of filing, the subsequent petition was not "second or successive." Id. at 120. The court also cautioned that its ruling "should not be misconstrued as providing a free pass to prisoners to file numerous petitions before an initially filed petition is finally adjudicated on the merits" because the doctrine of abuse of the writ still could be applied on review of the petition. Id. at 119 n.2; see also, In re Cain, 137 F.3d at 235.

In Ochoa v. Sirmons, 485 F.3d 538 (10th Cir. 2007), the United States Tenth Circuit Court of Appeals refused to follow Whab. In doing so, the court reasoned as follows:

>The point is that § 2244(b) authorization is required whenever substantively new claims are raised; procedural associations with prior habeas matters must not obscure the fact that the petitioner is really pursuing a second or successive petition. Given this basic point, nothing in Gonzalez [v. Crosby, 545 U.S. 524 (2005)], [United States] v. Nelson, [465 F.3d 1145 (10th Cir. 2006)], or our other cases suggests that whether a Rule 60(b) motion or other procedural vehicle may be used to circumvent § 2244(b) depends on the incidental fact that an appeal is or is not pending from the underlying habeas proceeding.

13

(emphasis in original) (footnote omitted) Ochoa, 485 F.3d at 541. The court further voiced its concern that the Whab approach "would greatly undermine the policy against piecemeal litigation embodied in § 2244(b)." Id.

The Fifth Circuit also has a "strong policy against piecemealing claims" and has looked to pre-AEDPA "abuse of the writ" principles in determining whether a petition is successive. Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003) (citing In re Cain, 137 F.3d at 235-36 ("[A] later petition is successive when it ... constitutes an abuse of the writ.") and James v. Walsh, 308 F.3d 162, 167 (2d Cir.2002) ("To interpret the term 'second or successive,' courts look to the pre-AEDPA abuse-of-the-writ doctrine.")). Under this doctrine, a subsequent petition is "second or successive" when it raises a claim that was, or could have been, raised in an earlier petition. Crone, 324 F.3d at 837 (citing Walsh, 308 F.3d at 167).

The Second Circuit's Whab decision focused its "second or successive" inquiry on whether the prior habeas petition was adjudicated on the merits and whether that adjudication was final. The Second Circuit emphasized the need to allow a petitioner a full round of review on a first petition before a subsequent petition was deemed a second or successive petition. Whab, 408 F.3d at 118, 120. The court determined that this had not occurred when the dismissal of the first petition was on appeal at the time the subsequent petition was filed. Id. The Second Circuit also noted, however, that even if

14

the gatekeeping provision of Section 2244 was not triggered, the abuse of the writ doctrine might still prevent review of the petition.

Ochoa from the Tenth Circuit and the Fifth Circuit precedent cited above indicate that, for these courts, abuse of the writ is itself a factor in determining when a pleading is a prohibited second or successive petition under Section 2244. Ochoa, 485 F.3d at 541 (discussing disguised efforts to circumvent § 2244(b) to file piecemeal litigation); In re Cain, 137 F.3d at 235-36 ("[A] later petition is successive when it ... constitutes an abuse of the writ.")  The abuse of the writ doctrine, as defined by the Fifth Circuit, examines whether a subsequent petition raises a claim that was, or could have been, raised in an earlier petition. Crone, 324 F.3d at 837. This fact apparently indicates that the petitioner is attempting to engage in multiple attacks on a conviction, thereby circumventing the gatekeeping provisions in place through Section 2244 as amended by the AEDPA.

This strong emphasis on avoiding piecemeal litigation underlies the Fifth Circuit's approach to and application of the abuse of the writ doctrine. In this case, in spite of the fact that an appeal was pending, it appears that Dabney's second federal petition is an attempt at a second review of claims that he should have raised previously.

Dabney concedes that the affidavit on which he relies to challenge Ms. Handy's testimony in this second petition was attested to in February 1998.[12] This was eight years prior to the filing of his first petition for habeas relief under Section 2254 in this court.

---

[12] Rec. Doc. No. 3, p. 2.

15

While Dabney claims that this information was not known to him at the time of trial,[13] he makes absolutely no allegation or showing that the information was not known to him at the time of, or discoverable before, the filing of his first petition.

Furthermore, Dabney makes clear that the affidavit is not the sole basis for his current challenge.[14] He indicates that his main focus in this second petition is the inconsistent testimony given by Handy during her testimony <u>at trial</u>.[15] This information was available to him at the time of the filing of his first petition and could have been raised in it. Under these circumstances, his second petition constitutes an abuse of the writ as defined by the Fifth Circuit.

In light of the foregoing, I find that Dabney's federal petition seeking habeas corpus relief under Section 2254 is a second or successive petition as defined under Section 2244(b). The fact that his appeal from the denial of his first petition was pending at the time of the filing of this petition is of no moment under Fifth Circuit case law because this second petition is an abuse of the writ.

Before his second petition may be considered by this court, Dabney is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), which provides in part, "[b]efore a second

---

[13] <u>Id</u>., p. 2-3.

[14] <u>Id</u>., p. 3.

[15] <u>Id</u>., p. 3.

or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Dabney has not obtained this authorization. Until such time as he obtains the authorization, this court is without jurisdiction to proceed. <u>Crone</u>, 324 F.3d at 836; <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir.1999); <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir .2000).

Dabney alternatively requests in his petition that he be given leave to file it as a second petition. While the respondent has requested dismissal, the motion to dismiss alternatively requests transfer of the petition pursuant to 28 U.S.C. § 1631 in the interest of justice. In <u>In Re Epps</u>, 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court for consideration as a request for authorization and to cure the jurisdictional question. <u>In re Epps</u> therefore implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under Section 2244 is proper. In light of this, and because the Fifth Circuit has issued no on-point precedent regarding Dabney's ability to proceed with a subsequent petition filed while the dismissal of the first petition is on appeal, the interests of justice dictate a transfer rather than dismissal of the petition.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Warden Cain's Motion to Dismiss (Rec. Doc. No. 12) be **GRANTED IN PART** in that Dabney's petition be **TRANSFERRED**

17

to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court, and **DENIED IN PART** insofar as it seeks dismissal.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __15th__ day of May, 2008.

          JOSEPH C. WILKINSON, JR.
          UNITED STATES MAGISTRATE JUDGE